## Staunton.

BEALE & CO. v. HALL, RECEIVER, &C.

SEPTEMBER 14, 1899.

1. CHANCERY PLEADING AND PRACTICE—*Responsive Answer—Order of Reference.*—If an answer in chancery denies all the material allegations of the bill, and the·cause is heard on the bill, answer and replication only, without proof, the bill should be dismissed. It is error to enter an order of reference. Courts of equity will not order a reference merely to enable a complainant to furnish evidence in support of the allegations of his bill.
2. PERSONAL SERVICES—*Parent and Child—Presumption—Case in Judgment—Set-offs.*—The law does not imply a promise to pay for services rendered to one who stands in *loco parentis,* as pecuniary compensation is not presumed to have been in the contemplation of either party. In the case in judgment the evidence does not establish any liability on the appellants for services of their nephew, and if it did, they held his bond for a larger amount, which is a valid set-off against any claim for such services, whether asserted by the nephew or his creditors.

Appeal from two decrees of the Hustings Court of the city of Roanoke, pronounced, respectively, July 21, 1898, and March 2, 1899, in·a chancery suit, wherein the appellees were the complainants, and the appellants and another were the defendants.

Reversed.

The opinion states the case.

*Edward Lyle,* for the appellants.

*S. Griffin, Jno. H. Wright,* and *Hansbrough & Hall,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This is an appeal from two decrees of the Hustings Court of the city of Roanoke. It appears that Mrs. Diana R. Beale and Miss S. G. Sibert, sisters, formed a mercantile partnership in 1872 under the style of D. R. Beale & Co., in Gordonsville, Va., and continued in business there until about 1887, when they removed to the city of Roanoke, Va., where they have since conducted a successful dry goods business, with the exception of about three years, when the firm was not in business. While in Gordonsville, about the year 1880, they established their nephew, Arthur L. Sibert, in a general merchandise store, separate and apart from their own business, furnishing him with money to conduct the same on his own account. A. L. Sibert was a young man of dissipated habits, and so neglected his business that in 1881, his aunt, Mrs. Beale, took personal charge of the store, wound up its affairs and paid off the indebtedness—a settlement of young Sibert's affairs showing him indebted to D. R. Beale & Co. in the sum of $5,257.50 for money advanced by them.

A. L. Sibert then went West, spending his time wandering in California, Mexico, and other places. His aunts, one of whom was an unmarried woman, and the other without children, had raised their nephew, and felt a parental interest in him, and after an absence of four or five years they wrote him to come back to Virginia and make his home, as a son, with them. This he did, and on the 16th day of May, 1887, he executed his note to D. R. Beale & Co., payable in five years, for $5,257.50, the balance due that firm upon settlement of his business venture in Gordonsville. In response to their expressed desire, A. L. Sibert made his home with his aunts, they furnishing him with board, clothes, and money, and treating him in all respects as an adopted son. The business of D. R. Beale & Co. prospered in Roanoke; about ten clerks being employed to conduct its affairs.

After his return to Virginia, A. L. Sibert reformed his habits, and, from time to time, assisted his aunts in the conduct of their business, and also, for a while engaged in the real estate business on his own account. On the 6th day of October, 1890, he became involved in a real estate transaction, and executed a series of notes on account thereof. Upon one of these notes for $528 the appellee recovered judgment against him. Execution was issued on this judgment, and returned " no effects." In January, 1898, interrogatories were filed by the appellee requiring A. L. Sibert to answer the same under oath. His answer disclosed the fact that he was the owner of no estate, except some articles of slight value, exempt from levy. He was further required to answer under oath specifically as to his connection with the firm of D. R. Beale & Co., and his answer disclosed that he had no pecuniary interest in the firm, was paid no salary by them, and that the firm was in no way indebted to him. Subsequently, garnishment proceedings, to satisfy this judgment, were instituted by appellee against D. R. Beale & Co. In this proceeding it appeared that A. L. Sibert was not employed by the firm of D. R. Beale & Co.; that he had never been employed by it; that he received no salary from it; that he had no interest in its profits, and that it was not indebted to him.

On June 17, 1898, appellee filed his bill in the case now before us, setting forth as exhibits to be read therewith, the judgment and execution thereon against A. L. Sibert, the interrogatories, with the answers thereto, and the garnishment proceedings against D. R. Beale & Co. The bill charges that D. R. Beale and S. G. Sibert, composing the firm of D. R. Beale & Co., are women of no business qualifications or training, unacquainted with business methods, and that A. L. Sibert is in exclusive management and control of their business.

The charge is further made that A. L. Sibert is the owner of the business of D. R. Beale & Co., and is doing business under

that name for the purpose, and with the intent of avoiding the payment of his debts, and especially the debt due the appellee; that if such is not the case, his services in connection with the business of D. R. Beale & Co. are worth a large amount, which the complainant is entitled to subject to the payment of his debt. The charge is further made that A. L. Sibert is a partner in said firm, and has an interest in its profits and assets, acquired by his skill and management of its business, which complainant has a right to subject. The bill prays for an account of the money invested in the firm by A. L. Sibert; that an account of the profits of the firm be taken; that the value of the services of A. L. Sibert in the management and control of the firm be ascertained; that the partnership accounts be settled, and all other necessary accounts taken.

On June 12, 1898, E. L. Stone filed a petition in the cause setting up a judgment in his favor against A. L. Sibert, uniting in the allegation and prayer of the bill, and asking that the assets of the firm of D. R. Beale & Co. be subjected to the payment of his debt.

A. L. Sibert demurred, and filed an answer, verified by affidavit, denying every material allegation of the bill. He admits that he owes the judgment asserted against him. He sets forth that his parents are dead; that he has no other home save that furnished by his aunts; that he is naturally grateful to them, and has taken an interest in their affairs, but that they are business women of large experience, in the exclusive management and control of their own business. He further sets forth that the firm of D. R. Beale & Co. is composed alone of his aunts, Mrs. D. R. Beale and Miss S. G. Sibert. He denies that their business is under his management and control, denies that he is the owner of the business or of any interest therein, or that he is doing business for himself, in the name of the firm, for the purpose of evading the payment of his debts. He further denies that he is a secret or silent partner in the firm, or

that he is entitled to receive any share in its profits, or that he is employed by his aunts for a salary, or that he has any pecuniary interest whatever in their business that would entitle complainant to subject the same to the payment of his debt.

Respondent further alleges that this bill is not filed in good faith, but is, as shown by the previous actions at law, intended to harass and annoy the female relatives of respondent into paying complainant's claim, whether they are indebted to respondent or not.

Mrs. D. R. Beale and Miss S. G. Sibert, partners, trading as D. R. Beale & Co., join in the demurrer of A. L. Sibert, and file their separate answer under oath. Without giving this answer in detail, it is sufficient to say that it is a sweeping and emphatic denial of every material allegation of the bill. Respondents set forth that they are aunts of A. L. Sibert, and, being childless, they are glad to have him make his home with them, and to have the comfort of his society and affection, but they deny all knowledge of the judgments asserted against him, deny that he has any interest of any kind in their business; that he is managing the same, that their profits are acquired by virtue of his skill, or that any facts exist which entitle the complainant to fasten his claim on their assets.

On July 21, 1898, the cause was heard upon the bill, demurrer, and answers. The demurrer was overruled, and a decree entered directing a commissioner to take all the accounts asked for in the bill, and among others an account of the profits of the firm of D. R. Beale & Co., " since said business has been under the management and control of A. L. Sibert."

It was error to enter this decree for two reasons. First, because the court assumes that the business of the firm of D. R. Beale & Co. is under the management and control of A. L. Sibert on a bill unsupported by affidavit or proof of any kind, the exhibits filed therewith contradicting under oath its allegations, and in the face of answers directly responsive to and

specifically denying every allegation of the bill. The answers put the appellee to his proof of the allegation that A. L. Sibert was in the management and control of the business of D. R. Beale & Co.; this being assumed as a fact by the decree was an injustice to appellants that clearly appears from the subsequent proceedings in the case.

Second, it was error to enter the decree of July 21, 1898, because the plaintiff was not entitled to an order of reference. The answers denying all the material allegations of the bill, and the latter being wholly unsustained, the court ought to have dismissed it at the hearing. This cannot be questioned unless it can be maintained that a court of equity may decree an account for the purpose of furnishing evidence in support of the allegations of a bill. *Lee County Justices* v. *Fulkerson,* 21 Gratt. 182; *Balto., &c. Co.* v. *Williams & Co.,* 94 Va. 422.

Conceding to the appellee, however, the benefit of the commissioner's report, and the evidence returned therewith, taken in execution of the erroneous decree of reference of July 21, 1898, he is not entitled to the relief prayed for, or granted by, the final decree appealed from of March 2, 1899.

After taking all the evidence offered, and searching the private books and papers of the firm of D. R. Beale & Co. for proof in support of the bill, the commissioner reports that there is no evidence to show that A. L. Sibert is, or ever has been, a member of the appellant firm; that, on the contrary, it is proven that he has no pecuniary interest therein. He further reports that none of the witnesses have undertaken to show the amount of money invested in the firm by each of its members, or what the profits of the business amount to, and that a lengthy and careful investigation of the books of the firm, by him, has failed to establish these facts; and concludes by saying that as A. L. Sibert is not a member of the firm he deems it unnecessary to press these inquiries further. The commissioner then comes to a consideration of the inquiry into the value of the services of

A. L. Sibert, as manager of the business of D. R. Beale & Co., remarking that it is the most difficult of the inquiries he has had to make.

The evidence wholly fails to establish the fact that A. L. Sibert was the manager of the business of the appellant firm. On the contrary, it satisfactorily appears that he occupied no such relation to the firm or its business. The commissioner, however, assuming, as was done by the order of reference, that A. L. Sibert was the manager of the business, proceeds with evidence to show what the skillful manager of such a business would be entitled to as compensation for his services, and finds that he should have a salary of $1,200 *per annum;* and upon that basis reports the appellant firm indebted to A. L. Sibert in the sum of $3,750 for services rendered. D. R. Beale & Co., while denying all liability to A. L. Sibert on any account, laid before the commissioner the note held by it against A. L. Sibert for $5,257.50, with interest, insisting that it was a legitimate offset to anything the firm might be held to owe said Sibert on account of services. The commissioner reports that this debt as unpaid and due to the firm, but declines to allow it as an offset to the judgment asserted by appellee.

Exceptions were duly taken to this report, but were overruled, the report confirmed, and a decree rendered against D. R. Beale & Co. for the judgments asserted in the cause against A. L. Sibert.

This decree is wholly erroneous. If the appellant firm had been indebted to A. L. Sibert, the note held by it was a legitimate and proper offset, and should have been allowed. The evidence, however, fails to sustain a single allegation of the bill.

The facts established are that Mrs. Beale and Miss Sibert alone constitute the firm of D. R. Beale & Co.; that they are unusually competent and successful, and have spent the best years of their life in the mercantile business; that they are in the sole management and control of all their affairs; that they invited their nephew, A. L. Sibert, whom they had raised and

regarded as an adopted son, to return from his wandering in the West and make his home with them; that he has since made his home with them, they treating him as a son, furnishing him with clothes, pocket money, &c.; that since his return to Virginia their nephew has reformed his habits, and has assisted his aunts in the conduct of their business in a variety of capacities. These services were entirely voluntary on his part, he being free to come and go as he chose, with no one exercising any control over him, except that he was not allowed to do anything about the business without consulting the members of the firm. There was no contract or understanding with A. L. Sibert that he was to render any service, nor were such services performed by him in the expectation, or upon the faith of receiving a pecuniary compensation therefor. The relation between the parties appears to have been that of parent and child; he glad to enjoy the home, care, and affection of his aunts, and in gratitude therefor to render such aid as he could.

Ordinarily, for services rendered, the law implies a promise to pay corresponding with the value of the service; but for services rendered by members of a family to each other no promise is implied for remuneration, because they were not performed in the expectation by either party that pecuniary compensation would be made or demanded. The authorities upon this subject are numerous and decided, and the principle upon which they rest too clear for doubt. *Stoneburner & Richards* v. *Motley*, 95 Va. 784.

To hold the appellant responsible for the claims of appellees, under the circumstances of this case, would be to exclude unfortunate and unsuccessful members of a family from the shelter and care of homes that would otherwise be open to them.

For these reasons the decrees appealed from must be reversed, and this court will enter such decree as the lower court ought to have entered, dismissing the bill with costs.

*Reversed.*