### Staunton.

## HOPKINS *v.* GIVENS.

September 11, 1916.

Absent, Sims, J. *

1. TRUSTS AND TRUSTEES—*Form of Deed—Terms of Sale—Code, Sections 2441 and 2442.*—A deed substantially in the form prescribed for a deed of trust by section 2441 of the Code is a deed of trust, and not a mortgage and the fact that it did not prescribe any terms of sale is immaterial where the trustee, making a sale thereunder complied, in all respects, with section 2442 of the Code.

2. DEEDS—*Recitals in Deed From Trustee.*—The recital in a deed from a trustee to a purchaser under a deed of trust that due and legal notice was given of the time, place and terms of sale is to be taken as *prima facie* correct under section 3333-a of the Code (1904).

3. TRUSTS AND TRUSTEES—*Sale by Trustee—Inadequacy of Price.*—In the absence of all pretense of fraud or unfair dealing, and where the debt secured by a deed of trust was confessedly due and owing, mere inadequacy of the price at which the trustee sold the property is not sufficient to avoid the sale, unless it was so gross as to shock the conscience of the chancellor and raise a presumption of fraud.

Appeal from a decree of the Circuit Court of Giles county. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*W. B. Snidow,* for the appellant.

*Minter & Minter,* for the appellee.

* Case argued before Judge Sims took his seat.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree of the Circuit Court of Giles county, setting aside a trustee's sale of appellee's undivided interest in a lot located in the town of Narrows in that county and vacating the deed from the trustee to appellant, John E. Hopkins, the purchaser. The decree, furthermore, ordered that the purchase money be refunded to Hopkins, either by the trustee or the creditors to whom he had disbursed the fund, and awarded costs against the latter.

On July 28, 1914, appellee, George W. Givens, and his wife executed the deed of trust in question to secure two small debts due to his creditors. The land included in the conveyance consisted of an undivided one-half interest in a lot containing one acre and thirty-two poles. The deed expressly excepted from its operation part of the lot (the dimensions of which do not appear) previously conveyed by the owners to another person.

The grounds alleged in the bill for the relief prayed are: (1) That the instrument executed by appellee and wife was not a deed of trust but a mortgage, and vested no power of sale in the trustee; (2) that the sale was insufficiently advertised, and the property sold for an inadequate price; and (3) that at the time of the execution of the deed the appellee was of unsound mind.

Considering these objections in their order: (1) The paper was substantially in the form prescribed for a deed of trust by the Code of 1904, section 2441. It is true that it did not prescribe the terms of sale, but the trustee, in all respects, complied with section 2442.

(2) The sale was advertised by hand-bills posted at the postoffice at Narrows, and appellee, who lived

elsewhere at the time, was personally notified. The deed from the trustee to the purchaser recites that due and legal notice was given of the time, place and terms of sale. There was no evidence to the contrary, and such recitals are *prima facie* evidence of their truth. Section 3333-a and authorities cited in Pollard's supplement to the Code (1910) under the section referred to. Moreover, it was shown that the sale was well attended, and that several persons participated in the bidding. Appellant being the highest bidder, the interest of the grantor in the property was knocked out to him at the price of one hundred and fifty-five dollars. The purchase money was paid, and applied by the trustee in discharge of the debts secured by the deed, and the interest sold was conveyed to the purchaser. From the opinion of witnesses as to the value of the entire lot, it may be that appellee's interest sold for less than its value; yet, no witness expressed an opinion as to the value of his interest alone. The debts were confessedly due, and there was no pretense of fraud in connection with the transaction. In such circumstances, it has long been the settled rule in this court that mere inadequacy of price is not sufficient to avoid a deed, unless so gross as to shock the conscience of the chancellor and raise a presumption of fraud. That condition cannot be predicated on the evidence adduced in this case.

(3) The clear and intelligent deposition given by George W. Givens refutes the charge of his mental incapacity to make the deed. He testified that twenty-four or twenty-five years ago he was committed to the asylum for the insane at Marion and remained there two months, and that since the date of his discharge he has been living with his family and attending to his

own business.    His evidence manifests a clear apprehension on his part of the entire transaction.

Upon the whole case, we are of opinion to reverse the decree appealed from and dismiss the bill.

*Reversed.*