# Richmond

W. L. DEVANY, JR., TRUSTEE, AND G. GILDEN v. LESLIE B. COLGIN.

January 17, 1935.

Present, All the Justices.

The opinion states the case.

*W. L. Devany, Jr.,* for the appellants.

No appearance for the appellee.

GREGORY, J., delivered the opinion of the court.

Complaint is made of a final decree entered by the trial court, upon a hearing on bill and answer, whereby the appellants were perpetually enjoined and restrained from foreclosing a deed of trust upon property therein described and conveyed by the appellee.

On February 5, 1932, Colgin, the appellee, conveyed certain realty in the city of Norfolk to Devany, trustee, to secure Gilden a certain amount of money which Gilden had loaned to Colgin. The deed of trust securing the said debt contained an acceleration clause and in addition to securing the principal of the debt it also secured interest and taxes and provided that in event of default in the interest, taxes or the principal sum as it becomes due, the whole amount secured should become due.

There was default in the payment of the taxes amounting to $160.24. There was also default in the payment of one of the notes secured of $100 and interest thereon. After the default in the payment of the taxes and the note and interest, Gilden, the holder of the notes secured declared the entire debt secured in the deed of trust due and payable, as he had the right to do under the covenant in the deed, and directed Devany, trustee, to foreclose the deed of trust. The trustee, acting in accordance with the directions of Gilden began the required advertisement for the sale of the property. It is averred in the answer that Colgin also had requested the trustee to make the sale. The suit having been

heard upon bill and answer, that averment must be taken as true.

Later, Colgin paid the treasurer the taxes that were in default and tendered Gilden the amount of the note and interest which were also in default, but Gilden refused to accept the payment and insisted that the whole amount secured in the deed of trust was due.

Colgin filed his bill of complaint asking for an injunction restraining the sale. The court granted a temporary injunction.

The trustee and Gilden filed their answer to the bill setting out the facts we have narrated. They were not controverted or denied. The court made its injunction permanent upon condition that Colgin pay the amount of the $100 note and the interest and the amount necessary to pay the cost of the advertisement.

In Virginia, under section 5167 of the Code (as amended by Acts 1926, ch. 324), the validity of an acceleration clause in a deed of trust is recognized. Where it is not otherwise provided by the deed of trust, the statute requires such a clause to be read into it. The section provides in part: "In the event of default in the payment of the debt secured, or any part thereof, at maturity, or in the payment of interest when due, or of the breach of any of the covenants entered into or imposed upon the grantor, then at the request of any beneficiary the trustee shall forthwith declare all the debts and obligations secured by the deed of trust at once due and payable, * * *." See *Nickels* v. *People's Building, etc., Ass'n*, 93 Va. 380, 25 S. E. 8; *Oliver Fant* v. *Thomas, et al.*, 131 Va. 38, 108 S. E. 847, 19 A. L. R. 280.

The beneficiary in the trust deed, upon default, having declared the whole amount secured due and payable, as he had the right to do, the court should not have enjoined the sale. The decree is reversed and the bill of complaint dismissed.

*Reversed and dismissed.*