# Richmond

Eileen Walsh, Et Al. v. Thomas F. Walsh, Jr., Executor, Etc.

January 13, 1941.

Record No. 2275.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*Clyde W. Cooper, Leo P. Blair* and *R. Triplett* for the appellants.

*William L. Parker,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

The appellants, Eileen Walsh and Genevieve Walsh, who will be sometimes referred to as the complainants, filed in the court below a bill against Thomas F. Walsh and Vincent L. Parker, executor of the estate of Patrick Henry Walsh, deceased, the allegations of which, so far as are material to the present inquiry, may be summarized thus:

Ellen Walsh died in the year 1912 testate. Her will contained, among others, this provision:

"Third. I give to my sons Thomas Walsh and Edward Walsh, or to the survivor of them if either should die in the life of my son Patrick Henry Walsh, the following property, to-wit: my houses and lots in the City of Portsmouth, Virginia, numbered three hundred and sixteen (316), three hundred and twenty-five (325), and three hundred and twenty-seven (327) Henry Street; also one-third of my personal estate, to be invested by them in real estate. I expect that my sons Thomas Walsh and Edward Walsh, or the survivor of them as aforesaid, will take reasonable care of their brother Patrick Henry Walsh, during his life, and see that his property is kept

in good order and repair, but I do not make it obligatory on them to do so, I leave the whole matter to their love and affection for him without any legal duty on them and without any legal right of Patrick Henry Walsh to demand a support of them. Upon the death of my said son, Patrick Henry Walsh, I give the property above bequeathed and devised in this paragraph of my will to his lawful issue, if he leave any at his death, but should he leave no lawful issue I give the said property as follows: One-half to my son Thomas Walsh, if he be living at that time, or if he be dead to his lawful issue, but if he leave no issue living at that time, then to his brother, Edward Walsh; and one-half to my son, Edward Walsh, if he be living at that time, or if he be dead to his lawful issue, but if he leave no issue living at that time, then to his brother Thomas Walsh. I also give to my sons Thomas Walsh and Edward Walsh, or to the survivor of them if either should die in the lifetime of my son Patrick Henry Walsh, for the term of the natural life of my son Patrick Henry Walsh, my house and lot numbered four hundred and twenty-eight (428) Fourth Street in the City of Portsmouth, Virginia. I expect that my sons Thomas Walsh and Edward Walsh, or the *survivors* of them as aforesaid, will take care of their brother, Patrick Henry Walsh during his life, but I do not make this obligatory on them to do so, I leave the whole matter to their love and affection for him without any legal duty on them and without any legal right of Patrick Henry Walsh to *deman* a support of them. Upon the death of my son Patrick Henry Walsh, I give the said house and lot number four hundred and twenty-eight (428) Fourth Street to my two grandchildren, Marguerite Walsh and Annie Walsh jointly in fee simple.''

. Edward Walsh died in 1934, intestate, leaving surviving his widow and his two daughters, the latter being the complainants. There was found in a safe at his home the sum of $1,500 in cash, which was subsequently divided, $500 to Katherine V. Walsh, the widow, and $1,000

to Thomas F. Walsh. There was also found in a lock-box of Edward Walsh, in a local bank, the sum of $5,000 in cash, which was turned over to Thomas F. Walsh.

These two funds consisted partly of the corpus of the personal property which Ellen Walsh had devised to Thomas F. and Edward Walsh for the life of Patrick Henry Walsh, and partly of the accumulation of rents from the real estate which she had devised in the same manner.

Patrick Henry Walsh died in 1935, without issue. He left a will naming as his executor Vincent L. Parker who qualified as such. In settling the estate the executor distributed some $8,000 in cash, a part of which consisted of the money which had been found in Edward Walsh's safe and lockbox, and which had been delivered to Thomas F. Walsh and by him transferred to Patrick Henry Walsh. These funds were not the property of Patrick Henry Walsh and should not have been paid to him and distributed under his will. Instead, upon the death of Patrick Henry Walsh, under the terms of the will of Ellen Walsh, the funds should have been divided one-half to Thomas F. Walsh and one-half to the complainants who were the "lawful issue" of Edward Walsh, deceased.

The bill prayed for a construction of the will of Ellen Walsh, "that the said personalty left Thomas F. Walsh and Edward Walsh for and during the natural life of Patrick Henry Walsh, which was held by Thomas F. Walsh at the time of the death of Patrick Henry Walsh, be divided among complainants and the said Thomas F. Walsh, as provided in the will of the late Ellen Walsh," that "an accounting be had of the estate left Thomas F. Walsh and Edward Walsh for and during the natural life of Patrick Henry Walsh, and that your complainants may have judgment against the said defendants for such sum or sums as they are entitled to under the will of the late Ellen Walsh," and for general relief.

Thomas F. Walsh and Vincent L. Parker, executor

of the estate of Patrick Henry Walsh, deceased, filed separate answers to the bill, which will hereafter be noted more particularly. Suffice it to say for the present that these answers denied that Thomas F. Walsh had received any part of the fund of $1,500 found in Edward Walsh's safe; that the sum of $5,000 found in Edward Walsh's lockbox was the property of Patrick Henry Walsh; and that in settling the latter's estate his executor had distributed only such property as belonged to the deceased, and had distributed no property in which the complainants had any interest.

Shortly after these answers were filed the matter came on to be heard, after which the court entered the following decree on November 2, 1939:

''This cause came on this day to be again heard upon the papers formerly read, and upon the separate answers of Thomas F. Walsh and Vincent L. Parker, Executor of the Estate of Patrick Henry Walsh, deceased; and on motion of complainants by counsel, was set down for hearing on bill and answer, in order that the court might construe the will of Ellen Walsh, filed as Exhibit 1 with the bill of *complainant,* and determine what interest, if any, the complainants, as the heirs of Edward Walsh, took in and to the rents, issues, and profits, of the real and personal estate, devised in paragraph third of said will, to Thomas Walsh and Edward Walsh, or to the survivor of them, if either should die in the lifetime of Patrick Henry Walsh, for the terms of the natural life of the said Patrick Henry Walsh, accruing during the lifetime of the said Patrick Henry Walsh; and the court having maturely considered said will and heard argument of counsel thereon, being of opinion that the complainants herein took no interest under said will in the rents, issues, and profits of the real and personal property so devised and bequeathed, accruing during the lifetime of Patrick Henry Walsh, doth so Adjudge, Order and Decree.''

The decree closed with a paragraph indicating in the

customary language that the complainants desired to appeal therefrom.

The opposing parties being unable to agree as to what should constitute the record on appeal, this was settled by a decree of the lower court entered on November 27, 1939. This latter decree referred to the decree of November 2, 1939, as the "final decree."

On December 26, 1939, at a subsequent term of the court, the complainants tendered and asked leave to file an amended bill. On objection of the defendants the court entered a decree refusing to allow the amended bill to be filed. While the grounds of the refusal are not stated in the decree, presumably this was because the court was of opinion that the decree of November 2, 1939, was a final decree and that it was without power to reopen the cause at the subsequent term.

Pending the filing of the petition for appeal, Thomas F. Walsh, one of the defendants below, died, and his executor, Thomas F. Walsh, Jr., was joined as an appellee in the proceedings before us.

The contentions of the appellants may be summarized thus:

(1) The court erred in holding that under the will of Ellen Walsh they acquired no interest in the rents accumulated during the life of Edward Walsh from the properties devised to him and to Thomas F. Walsh for the life of Patrick Henry Walsh.

(2) In any event, the decree of November 2 was an interlocutory and not a final decree. It merely construed the will of Ellen Walsh so far as the accumulated rents and profits were concerned and made no disposition of appellants' claim that they were entitled under the will, after the death of Patrick Henry Walsh, to a portion of the corpus of the personalty bequeathed to Thomas F. and Edward Walsh for the life of Patrick Henry Walsh. Hence, they say, the lower court should have permitted the filing of an amended bill and should have proceeded to hear the cause on its merits.

With respect to the first contention, the appellants seem to assume that the lower court decided that the accumulated rents became the property of Patrick. But this is not so. The language of the decree is "that the complainants (the appellants) took no interest under said will in the rents." This interpretation merely excludes the appellants from sharing in the rents by virtue of the provisions of the will. There is no suggestion in the decree that under the will the rents became the property of Patrick. Nor do his counsel so contend. In their brief they say:

"The decision of the court was that the complainants took no interest under the will of Ellen Walsh in the rents, issues and profits of this property during the lifetime of Patrick Walsh, and it is perfectly plain that this decision was correct, for the reason that Edward Walsh and Thomas F. Walsh took absolutely all rents, issues and profits for the lifetime of Patrick Walsh."

In our opinion this position of the appellees is correct. Under the will certain designated real estate and personal property is devised and bequeathed to Thomas and Edward, or to the survivor of them, for the life of Patrick. While the testatrix "expects" that Thomas and Edward "will take reasonable care of their brother Patrick Henry Walsh, during his life, and see that his property is kept in good order and repair," the provision continues, "I do not make it obligatory on them to do so, I leave the whole matter to their love and affection for him without any legal duty on them and without any legal right of Patrick Henry Walsh to demand a support of them."

Here are no words of command or direction such as are necessary to create a legal and enforceable trust in favor of Patrick. There is a mere expectation that the beneficiaries will take reasonable care of their brother, coupled with a plain statement that it is not "obligatory" and that there is no "legal duty" on them "to do so." See *Farmers Bank* v. *Kinser,* 169 Va. 69, 74, 75, 192 S.

E. 745; *McKinsey* v. *Cullingsworth,* 175 Va. 411, 415, 416, 9 S. E. (2d) 315, 317.

If this language imposed upon Thomas and Edward no trust in favor of Patrick with respect to these properties, certainly Patrick acquired no interest in the income therefrom.

There is nothing in the language of the will to suggest that after the death of Patrick the income accumulated during his lifetime should pass to the remaindermen. The provision is that upon the death of Patrick, without lawful issue, the property devised and bequeathed, that is, the corpus of the estate, both real and personal, is to be divided among the remaindermen. But in the meantime, the income accumulated during the joint lives of Edward and Thomas became their joint property absolutely.

*Garland* v. *Garland,* 87 Va. 758, 13 S. E. 478, 24 Am. St. Rep. 682, 13 L. R. A. 212, relied on by the appellants, is not in point. There certain property was devised in trust upon the condition that the profits therefrom were to be set apart for the use of the beneficiary, free of his debts. The trust expressly provided that upon the death of the beneficiary all of the property, both principal and accumulated income, was to pass to a trustee for the benefit of certain other persons. It was there held that the life tenant was entitled to only so much of the property as was needed for his support, and that under the plain provisions of the trust the unexpended profits passed to the remaindermen.

But in the instant case no legal trust whatever was created for the benefit of Patrick Henry Walsh, and he had no enforceable interest either in the corpus of the estate or in the income therefrom.

Since, under the will, the income accumulated before Edward's death belonged to him and Thomas absolutely, the lower court correctly held that as remaindermen the appellants acquired no interest therein. Upon the death

of Edward his share in the accumulated rents passed to his personal representative.

Having reached the conclusion that the decree of November 2 correctly interpreted the will, our next inquiry is, Was it a final or an interlocutry decree?

It will be observed that the only matter adjudicated in the decree is "that the complainants herein took no interest under said will in the rents, issues and profits of the real and personal property so devised and bequeathed, accruing during the lifetime of Patrick Henry Walsh." No disposition is made of the complainants' contention that upon the death of Patrick Henry Walsh they became entitled to a portion of the corpus of the personalty bequeathed to Edward Walsh and Thomas F. Walsh and which came into the possession of the latter upon the death of Edward Walsh. Nor does the decree in express terms dismiss the bill of complaint.

The appellees insist, however, that the decree was in effect final; that the cause was heard on the bill and answers, as the result of which the allegations of fact in the answers must be taken as true; that when this is done all of the contentions of the appellants are disposed of except their claim that they were entitled under the will to a portion of the accumulated rents; and that since this claim was correctly decided by the lower court adversely to the appellants, the bill should be dismissed.

█ In Lile's Equity Pleading and Practice, §249, pp. 122, 123, the author says that the effect of setting the case for hearing on the bill and answer is "to admit the truth of all matters of fact sufficiently pleaded in the answer, whether responsive to the bill or whether in confession and avoidance; and to submit to the court the decision of the question whether on the facts as they appear from the answer, the decree should not go in favor of the plaintiff.

"In short, going to hearing on the bill and answer is,

for some purposes, practically the same as a demurrer at law to the plea.

"Since this course on the part of the plaintiff excludes any opportunity on the part of either party to take testimony, there is good reason for the rule that the plaintiff thereby admits the truth of all facts set up in the answer relevant to the case stated in the bill."

See also, *McClintock* v. *Richlands Corp.*, 152 Va. 1, 6, 7, 145 S. E. 425, 61 A. L. R. 1033; *Chick* v. *MacBain,* 157 Va. 60, 68, 69, 160 S. E. 214.

But, as was said in *Cocke* v. *Minor,* 25 Gratt. (66 Va.) 246, 253: "To invoke the rule successfully, the facts constituting the equity should be plainly denied or clearly avoided. There should be no fact admitted by the answer inconsistent with the defendant's denial; no equivocal denial, no doubtful avoidance."

Moreover, "The admission of the truth of the answer extends only to pertinent and material facts set out therein, and does not extend to matters of opinion and inference, or to conclusions of law." 21 C. J., Equity, §694, pp. 560, 561. See also, 19 Am. Jur., Equity, §278, p. 207 note 11.

As we understand it this is a suit brought for an accounting for funds in which appellants claim an interest, and which they allege came into possession of Thomas F. Walsh and were improperly paid by him to Patrick Henry Walsh.

The bill alleges that at the time of the death of Edward Walsh there was in his safe the sum of $1,500 which was being held by the two brothers, Edward and Thomas, for Patrick's benefit under the provisions of the will, and that this money was divided, "$500 to Katherine V. Walsh, mother of your complainants, and $1,000 to Thomas F. Walsh, the defendant."

The answers of both defendants deny that any part of this fund was received by Thomas F. Walsh, and allege that all of it was paid to Katherine V. Walsh, administratrix of Edward Walsh. If this clear and un-

equivocal allegation of fact be taken as true, as it must on a hearing on the bill and answers, and the defendants received no part of the fund, there is no obligation on them to account to the complainants for it.

The next item is a fund of $5,000 in cash which was found in Edward Walsh's lockbox in a local bank. The bill alleges that a part of this fund represented the corpus of the personalty which Ellen Walsh had devised to Thomas F. and Edward Walsh for the life of Patrick Henry Walsh; that a part represented the accumulation of rents from the real properties which were likewise left to Thomas F. and Edward Walsh for the life of Patrick Henry Walsh; and that this money was delivered to Thomas F. Walsh, the surviving life tenant. The inference drawn from the bill is that this sum was wrongfully delivered by Thomas F. Walsh to Patrick Henry Walsh.

The answer of Thomas F. Walsh admits that the sum of $5,000 was found in a lockbox after the death of Edward Walsh, but alleges that it "was the property of said Patrick Henry Walsh and was so marked;" that while the "exact source of said fund is unknown to this respondent," he "denies that any person, other than said Patrick Henry Walsh had any interest therein."

The answer of Vincent L. Parker, executor of the estate of Patrick Henry Walsh, deceased, is the same.

This, we think, is not such a clear and unequivocal allegation of fact as must be taken as true on a hearing on the bill and answer. The allegation that the money "was so marked" as to indicate that it was the property of Patrick Henry Walsh is a matter of opinion or a legal conclusion, depending upon undisclosed facts, such as the manner of marking, by whom made and under what circumstances.

The same is true of the allegation in the answer that, "This respondent denies that any person, other than said Patrick Henry Walsh, had any interest therein." This is not a statement of fact. It is an allega-

tion of a conclusion of law based upon facts which are not disclosed.

The bill next alleges that the executor of the estate of Patrick Henry Walsh distributed some $8,000, that a part of this consisted of the corpus of the personalty which Ellen Walsh had devised to Thomas and Edward Walsh during Patrick's life, and a part consisted of the accumulation of rents from the real properties which were devised in the same manner, and which sum was wrongfully delivered by Thomas to Patrick, and upon the death of the latter came into the hands of his executor.

This allegation the executor answers by saying that, "he has no knowledge of the original source of the funds collected by him as executor of the last will and testament of said Patrick H. Walsh, except that he is informed and believes that all funds collected by him were the property of said Patrick H. Walsh."

Clearly this is not an allegation of fact. It is an allegation based on information and belief and is not to be taken as true on a hearing on the bill and answer. 21 C. J., Equity, §694, p. 561.

With respect to this particular matter the answer of Thomas F. Walsh adds no allegation of fact. His allegation is that no person other than Patrick Henry Walsh "had any interest in the fund which was distributed by the executor." This, too, is a conclusion of law which depends upon undisclosed facts.

It follows that the defendants below were not entitled to a dismissal of the bill on the allegations in their answers.

Since the decree did not dispose of the whole matter in controversy between the parties it was interlocutory and not final. *Sims* v. *Sims*, 94 Va. 580, 581, 27 S. E. 436, 64 Am. St. Rep. 772; *Ashworth* v. *Hagan Estates, Inc.*, 165 Va. 151, 164, 181 S. E. 381, and authorities there cited. Hence, the trial court should have proceeded to hear and determine the cause on its merits.

Under the allegations of the bill the defendants (appellees) are accountable to the complainants (appellants) for the corpus of the personalty bequeathed to Thomas F. and Edward Walsh for the life of Patrick Henry Walsh, and to the personal representative of Edward Walsh for the rents and profits from the real and personal properties devised and bequeathed in the same manner and accumulated during the joint lives of Thomas F. and Edward Walsh.

The complainants should be permitted to file an amended bill clarifying their allegations in the light of what has been said here.

Since the rights of the personal representative of the estate of Edward Walsh, deceased, and the claims of the complainants against the defendants are closely related, the personal representative should be allowed to intervene in this cause in order that their rights and claims may be settled in a single suit.

So much of the decree as construes the will of Ellen Walsh is affirmed. The cause is remanded for further proceedings in accordance with the views here expressed. The appellants having substantially prevailed in the present appeal will recover their costs.

*Affirmed in part and remanded.*