# Staunton

## J. S. Ashworth, Committee for Cynthia A. Powers v. A. E. Cole, Reed Thomas, and Love B. Rouse, Trustee.

September 9, 1942.

Record No. 2561.

Present, Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*J. S. Ashworth*, for the appellant.

*George M. Warren*, for the appellees.

SPRATLEY, J., delivered the opinion of the court.

On October 7, 1941, Cynthia A. Powers filed her bill in chancery alleging that until 1939, she was the owner of six tracts or parcels of land in Bristol, Virginia; that on February 22, 1939, she conveyed the property to Love B. Rouse, trustee, to secure a $2,000 note payable to Reed Thomas three years after date; that on August 9, 1941, although the said note was not due, the trustee had improperly advertised and sold the property under the deed of trust; that it had been purchased by A. E. Cole, to whom a deed had been made by the trustee; and that Cole, although he had acquired no valid title to the property at the pretended sale,

had instituted an action of ejectment to put her out of the property.

She further alleged that the notice of sale failed to state the amount of the indebtedness against the property, and that the several parcels should have been offered and sold separately, at which sale they would have produced a price in excess of $5,000. She expressly disclaimed any charge of fraud against the trustee, but alleged that he failed to make an advantageous sale and that such failure was taken advantage of by the purchaser. She also alleged that by reason of her advanced age and mental incompetency, she was unable to refinance her loan. She prayed that the sale made by the trustee be set aside; that the amount due upon the deed of trust be ascertained; that she be allowed an opportunity to pay off the said indebtedness; that in the event of her default in such payment, a resale be ordered; and that Cole be restrained from prosecuting his action of ejectment against her.

The defendants filed their joint and separate answers denying that the $2,000 note was not due at the time of the sale of the property, stating that the note had become due under the terms of the deed of trust by reason of default in the payment of interest amounting to $240 and taxes amounting to $110. They averred that the sale was properly advertised by due notice as required under the deed of trust; that the trustee had complied with his duty in all respects; and that, in addition, the trustee had, by writing, notified Mrs. Powers on July 8, 1941, that on account of default in the payment of her debt, the beneficiary had requested him to make sale of the property; and that unless she made prior arrangements to satisfy the debt, sale would be made on Saturday, August 9, 1941. A copy of the advertisement of sale was enclosed with the notification.

The answer averred that Mrs. Powers was mentally competent when she executed the deed of trust. It denied that the defendants connived in any way to sell the property at less than its value. It further averred that after the sale and before suit was brought, Mrs. Powers permitted the

purchaser to expend a considerable sum of money in improving the property and promised him that she would promptly vacate the premises.

The answer concluded with a denial of all the allegations of the bill of complaint not otherwise specifically denied.

Attached to the bill of the complainant as an exhibit was an *ex parte* affidavit of one, Ralph Graves, dated November 10, 1941, to the effect that, in his opinion, the property in question was worth $5,000 or more. Exhibits, with the answers, included the deed of trust of February 22, 1939, from Mrs. Powers to Rouse, trustee; the note of Mrs. Powers for $2,000, and the interest coupons attached; copy of notice of sale by Rouse, trustee, dated July 8, 1941; and deed dated August 9, 1941, from Rouse, trustee, to A. E. Cole.

The description of the real property in the deed of trust shows that the six parcels adjoin one another with five lots fronting on a street. The sixth parcel, an acreage, is at the rear without any right-of-way to a street or public way.

The note bore interest at 6%, evidenced by six coupons attached thereto, payable semi-annually in the sum of $60 each.

The deed of trust contained the usual acceleration clause that "should there be failure to pay at maturity any one of the notes secured hereby, or any payment of interest thereon when due, or for default in any of the other terms or conditions of this trust, then in any such event all of the notes hereby secured shall at once become due and payable and their payment may be forthwith enforced, at the option of the holder of said notes." Another provision called for the prompt payment of insurance, taxes and assessments.

An additional clause conferred upon the parties "all the rights, duties, and obligations provided by section 5167 of the Code of Virginia of 1930 * * * ." See subsection 6, Code of Virginia, 1936, section 5167.

This section provides that in the event of default in the payment of the debt, the interest when due, or the breach of any of the covenants entered into or imposed upon the grantor, the trustee, at the request of the beneficiary, shall

forthwith declare all the debts and obligations secured by the deed of trust at once due and payable, and proceed to sell the property.

The validity of an acceleration clause in a deed of trust is recognized in Virginia. *Devany v. Colgin,* 163 Va. 848, 178 S. E. 15.

The notice of sale recited that "Pursuant to a certain deed of trust executed by Mrs. T. J. (Cynthia A.) Powers, (widow), to Love B. Rouse, Trustee, dated February 22, 1929, and of record in the Clerk's Office of Bristol, Va., in Deed Book 61, page 48, default having been made in the payment of the note thereby secured and the holder thereof having requested a sale of the property conveyed by said trust to satisfy said note," sale would be made on August 9, 1941, at public auction to the highest bidder for cash. Then followed a description of the property exactly as found in the deed of trust. .

The deed from the trustee to Cole contained the usual recitals: reference to the deed of trust; failure to pay note at its maturity; and the request of the holder of the note that sale be held. It recited that the trustee "after advertising the time and place of sale as provided in said trust, sold said property in front of the Court House door at Bristol, Va., on August 9, 1941, at public auction to the highest bidder for cash in hand, at which sale the said A. E. Cole became the purchaser of said property at the purchase price of $2,298.25 cash, he being the highest bidder at said sale."

On November 6, 1941, J. S. Ashworth was appointed committee of Mrs. Powers, the court being of opinion that by reason of her advanced age and impaired health, she was then mentally incapable of handling and managing her estate within the meaning of Virginia Code, 1936, section 1080a. Ashworth duly qualified and was admitted as a party to the cause on November 12, 1941.

On December 11, 1941, the appellant, Ashworth, asked leave to withdraw the replication, which leave was granted. He thereupon filed his motion in writing to strike the answer

of the defendants for insufficiency. To the action of the trial court in overruling his motion, he excepted.

The decree appealed from recites that by agreement of counsel, the cause was submitted on the bill, answer, and general replication, together with the exhibits filed with the bill and answer. The trial court being of opinion, for reasons stated in writing and made a part of the record, that the cause alleged in the bill had not been sustained, dismissed the bill. This action of the trial court is here questioned.

It is obvious, since no testimony was taken, that the case must be treated as one heard on bill and answer. The effect of this is to admit the truth of all matters of fact sufficiently pleaded in the answer whether responsive to the bill or whether in confession and avoidance.

Where a replication is put in and then withdrawn and the parties proceed to a hearing on bill and answer, all the allegations of the answer which are responsive to the bill are to be taken as true unless they are disproved by evidence of greater weight than the testimony of a single witness. *Jones* v. *Abraham*, 75 Va. 466; *Moore* v. *Ullman*, 80 Va. 307.

The question for our decision is whether *on the facts as they appear from the answer*, the decree should not go in favor of the plaintiff. The plaintiff admits the truth of the answer to the extent stated. *Beale* v. *Hall*, 97 Va. 383, 34 S. E. 53; *Goodman* v. *Goodman*, 124 Va. 579, 98 S. E. 625; *Devany* v. *Colgin, supra; Walsh* v. *Walsh*, 177 Va. 174, 12 S. E. (2d) 757; Digest of Va. and W. Va. Reports, (Michie) Vol. 1, Answers, pages 314, *et seq.* and cases cited.

The answer of the defendants plainly and unequivocally denies or avoids the allegations of the bill.

There is no merit in the contention that default had not been made in payment of the debt. Default in payment of the interest and the taxes brought on its maturity under the acceleration clause.

There is no suggestion in the record that there was any uncertainty as to the amount due upon the debt. The taxes to be assumed were a matter of record and, therefore, readily ascertainable. The complainant knew, or was

charged with knowledge, of the amount of her debt, and it was not necessary for the advertisement to state that amount for the benefit of the bidders.

The deed from the trustee to Cole contains all of the essential recitals to bring it within the purview of Virginia Code, 1936, section 6196. These recitals constitute *prima facie* evidence that the sale described therein was regularly made and that the other recitals are true. *Saunders* v. *Terry*, 116 Va. 495, 82 S. E. 68; *Hopkins* v. *Givens*, 119 Va. 578, 89 S. E. 871; *National Valley Bank* v. *Kanawha Bkg., etc., Co.*, 151 Va. 446, 145 S. E. 432.

We are in accord with the opinion of the learned judge of the trial court that the bill contains no clear allegation that the sale was insufficiently advertised and unattended, or that there was collusion between the parties. The deed of trust did not require that the property be sold in parcels, and it was so located and situated that we are not able to say that the trustee violated his discretion in offering it for sale as a whole. Sold as a whole, it did not bring any more than the debt against it.

The appellant complains that Cynthia A. Powers was mentally incompetent and unable to protect herself at the time of the sale. No claim was made in the bill that she was incompetent at the time she executed the deed of trust; the bill does not pray for relief because of her mental incompetency; and there is no evidence of her incompetency at that time.

There is no merit in the contention that the notice of sale was misleading because of the clerical error in reciting the date of the deed of trust as February 22, 1929, instead of 1939. The notice contained direct reference to the deed of trust and the book and page where it was recorded. There is no allegation of injury as a result of the mistake, and the error is immaterial.

[■ The appellant finally contends that the advertisement improperly required the purchaser to assume payment of unpaid taxes. The record does not show that this question

was either raised or passed upon in the lower court, and consequently it cannot be urged here.

The answer having fairly denied all of the allegations of the bill and no proof being forthcoming to sustain the bill, the trial court did not err in holding that, on the facts as they appear from the answer, decree should go in favor of the defendants.

The record fails to show any error in the proceedings below. In our opinion, the decree complained of is right and accordingly it is affirmed.

*Affirmed.*