## CIRCUIT COURT OF STAFFORD COUNTY

Thorp Consumer Discount Co.,
t/a ITT Financial Services

v.

Fleet Mortgage Corp. et al.

December 16, 1994

Case No. (Chancery) 94000295

BY JUDGE JAMES W. HALEY, JR.

In this cause, Complainant Thorp Consumer Discount Company seeks to set aside a substitute trustee's foreclosure sale at which Respondent Khalid Khadduri purchased residential real estate titled in the name of Fred Battle, Jr., and Deloris A. Battle, his wife, and located in Stafford County. Thorp contends a substitute trustee was improperly appointed and that the sale price was inadequate.

Thorp was a second trust noteholder in the principal sum of $54,500.00. The first trust was held by Fleet Mortgage Corporation in the principal amount of $38,000.00. On March 17, 1994, Fleet replaced the original trustees under its deed of trust by appointing substitute trustees by an instrument executed by "Marie Pettis, Title: Mortgage Officer." The instrument was properly acknowledged and recorded in the Clerk's Office of the Circuit Court of Stafford County.

The foreclosure sale was held on June 14, 1994, and Khadduri bid the property in at $51,500.00. Thorp wanted to bid at the sale but its agent "was prevented by a traffic jam . . . from reaching the sale in time. His efforts to contact the substitute trustee . . . by cellular phone were unsuccessful, as was his attempt to procure a person to bid in his place." (BOC, para. 13.)

After the sale was completed, Thorp offered to buy the property for $60,000.00.

There is no allegation as to fraud, as to collusion, as to errors in the advertisement, or as to any impropriety with respect to the sale itself.

Respondent Khadduri has demurred.

Complainant maintains that the appointment of a substitute trustee must be made in accordance with the provisions of Va. Code § 55-119 which requires the execution of deeds for real property owned by corporations be made by designated corporate officers or others authorized by the corporate board of directors.

An appointment of a substitute trustee is not a deed. Va. Code § 55-48 suggests the form of a deed. Va. Code § 55-49 notes that a deed, unless an exception is taken, is "construed to include all the estate, right, title and interest therein, both at law and in equity . . . ." An appointment of a substitute trustee cannot be construed to effect such a transfer.

Va. Code § 55-60(9) authorizes the substitution of trustees "under the provisions of § 26-49 . . . ." Va. Code § 26-49 requires only that the appointing instrument be "duly executed and acknowledged." Paragraph 6 of the Bill of Complaint acknowledges that the appointing instrument "was signed and acknowledged on behalf of Fleet Mortgage Corp. by Marie Pettis, a mortgage officer." That suffices. What Complainant seeks is to graft the execution requirements of Va. Code § 55-119 onto those of Va. Code § 26-49. If those requirements were to be the same, the Legislature could have made them the same.

Complainant asks the court to set aside the sale on the *sole* ground of inadequacy of price. The only specific allegation is that Complainant's late bid "was for $60,000.00 which was $8,500.00 greater than the bid of Respondent . . . ." (BOC, para. 14.) There is no allegation as to the fair market value of the property, the assessed value of the property, or, most importantly, a representation of the value of the property at a forced sale. See *Lake Monticello Service Co. v. Board of Supervisors*, 237 Va. 434, 439, 377 S.E.2d 446, 450 (1989).

In *Perdue v. Davis*, 176 Va. 102, 106, 10 S.E.2d 558, 560 (1940), the Supreme Court quoted with approval the following from *Hopkins v. Givens*, 119 Va. 578, 580, 89 S.E. 871, 872 (1916), "it has long been the settled rule in this court that mere inadequacy of price is not sufficient to void a deed, unless so gross as to shock the conscience of the chancellor and raise a presumption of fraud." See also, *Cromer v. Dejarnette*, 188 Va. 680, 688, 51 S.E.2d 201, 205 (1949).

In light of the foregoing, the demurrer is sustained, with leave for Complainant to amend if he be so advised.