## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

DALE CARTER'S HEIRS v. COOPER,

AND

DALE CARTER'S HEIRS v. SKEEN.

January 12, 1911.

Absent, Cardwell, J.

1.  DISMISSAL AND NON-SUIT—*Laches—Rule to Speed Cause.*—According to the proper practice in this State a rule against the plaintiff to speed his cause should precede any motion to dismiss an action at law for failure to prosecute, and the appearance of the plaintiff in court ready for trial has always been regarded as a conclusive answer to such a rule. There is nothing in the record to take the cases at bar out of the rule.

2.  COMPROMISE—*Lack of Power to Make—Entry as Judgment of Court.*—The fact that an agreement to compromise a suit was entered into on behalf of some of the parties by counsel who had no authority to make it, and was subsequently abandoned by all the parties thereto, is a sufficient reason for not entering it up as the judgment of the court, although it had been agreed that it should be so entered when it was made.

Error to two judgments of the Circuit Court of Wise county in actions of ejectment. Judgments for the defendant in each case. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*Rufus A. Ayers, E. II. Fulton, John J. Stuart, W. H. Rouse* and *Phlegar & Powell,* for the plaintiff in error.

*Vicars & Peery, D. D. Hull, Jr.,* and *W. J. Henson,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

These two actions of ejectment, involving a large boundary of land, alleged to contain 55,000 acres, were instituted in the year 1878 by Dale Carter against a number of defendants in each case, including the defendant in error, Kernan Cooper, in the one case, and the defendant in error, Nathaniel Skeen, in the other.

The differences between the two cases are very slight and immaterial; the most conspicuous variation being that the rule to plead, directed by the order of April 6, 1880, was executed in the Skeen case, but does not appear to have been executed in the Cooper case. This difference does not affect the result, the questions arising in the cases, which were heard together, being practically the same.

Dale Carter having died, the cases were revived in the name of his heirs at law in 1879, and have been kept on the docket to the present time, except as to such of them as were tried and otherwise disposed of. There have been a number of important orders entered in the cases from time to time looking to a trial, but for about seventeen years there have been only general orders of continuance entered at the cost of the plaintiffs. In 1885 a compromise of these cases was agreed upon, reduced to writing and filed in the papers of each case, with the understanding that the compromise was to be entered up as the judgment of the court. This agreement proved ineffectual, because it turned out that the counsel entering into it were not authorized by their clients to make it, and much delay was subsequently occasioned in a vain attempt to have this compromise agreement ratified by all the parties interested.

As already mentioned, there were a large number of defendants, and as to each one of them there had to be a separate trial. A number of the cases have been disposed of, and a number remain, including the two before us, not yet settled.

In this condition of the record, the defendant in error in

each of the cases at bar, on October 19, 1909, moved the court
to dismiss the case as to him and strike it from the docket,
because of the failure of the plaintiffs to prosecute the same
with reasonable diligence, and for the further reason that no
order, except an order of continuance, had been entered in
either case for more than five years. The plaintiffs were re-
quired to file an answer in writing to this motion, showing
cause why the motion to dismiss should not prevail. In this
answer the plaintiffs say, that they are now and have been at
all times ready to proceed with the trial of these cases, and
that the defendants have not at any time asked for a trial.
The plaintiffs, in further response to the motion to dismiss,
declared their readiness, and moved the court, to proceed with
the trial upon the merits at once at the then pending term, in-
sisting that they could not be held to have failed in diligence
because they had not forced the defendants to trial.

Upon the hearing the order complained of was entered, dis-
missing each of the cases, as to the plaintiffs in error, for fail-
ure to prosecute the same with due diligence, the court ex-
pressly declining to pass upon the ground of the motion
founded upon the five-year statute. This action of the court
is assigned as error.

This application of the purely equitable doctrine of laches
in common law actions, involving the question here at issue,
has never been the practice in Virginia. The practice, and in
our opinion the better practice, has been that a rule against
the plaintiff to speed his cause should precede any motion
to dismiss an action for failure to prosecute; and the appear-
ance of the plaintiff in court ready for trial has always been
regarded as a conclusive answer to such a rule. This practice
prevails in many of the States.

In 14 Cyc. p. 448, citing a number of authorities, it is said:
"It is the general practice that the service of a rule or notice
to plaintiff to proceed in the cause, or as it is sometimes called

a rule to speed the cause, must precede the motion to dismiss for want of prosecution."

There is nothing in the record of either of the cases now before us to take it out of the general rule of practice mentioned. The evidence does not tend to show any abandonment of the right to prosecute either action. On the contrary, it satisfactorily appears that there was never any purpose to abandon such right. The actions have been kept on the docket; the plaintiffs' counsel has appeared and answered to the calling at every term; there have been trials in some of the cases, two having been brought to this court; some have been compromised and settled, while other defendants have bought their way out of the suits from the plaintiffs; and, so far as the record shows, the defendants are now ready and able to try, with as complete justice to themselves as when the suits were brought. They have had it in their power at any time to have secured a trial by asking for a rule to speed. They have, however, chosen to pursue a course of inaction, thereby tacitly consenting to the delay, and now appear, for the first time, in court and demand a dismissal of the cases upon the ground that the plaintiffs have been guilty of laches in not forcing them to a trial. Under the circumstances disclosed by these records, the plaintiffs, having announced their readiness, should have been allowed to proceed with the trial in each case.

It is further assigned as error, that the circuit court erred in refusing to enter as its judgment in each of these cases the compromise dated April 1, 1885, signed by the defendants in error, respectively, and by plaintiffs' counsel.

There was no error in this action of the court. The record shows that plaintiff's counsel had no authority to make the compromise, and all parties, for that reason, long ago treated it as abandoned, plaintiffs' counsel admitting that he had exceeded his authority, and saying that the agreement would not be carried out. This was a sufficient reason for not enter-

ing up the compromise as the judgment of the court, to say nothing of other reasons.

For the error of the court, already pointed out, in dismissing these suits, its judgment in each must be reversed, and the cases remanded for further proceedings not in conflict with this opinion.

*Reversed.*