# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hirschkop & Associates

v.

Ozzie Clay et al.

## Case No. (Law) 10641

By JUDGE ALFRED D. SWERSKY

### August 29, 1986

The matter is before the Court on Defendant's Motion to Enter a Written Order *nunc pro tunc* vacating a default judgment previously entered and Plaintiff's Motion to Affirm or Reinstate Judgment by Default.

On June 4, 1986, the Court entered a default judgment against the Defendants, no responsive pleading having been filed within 21 days of service of process. On June 25, 1986, the Court heard argument and ruled that the default should be set aside and the Defendants permitted to answer. No written order was presented and no written notation of the Court's ruling was made in the case file. On July 3, Plaintiffs filed their motion alleging that more than 21 days had passed without entry of the written order and the Court no longer had jurisdiction pursuant to Rule 1:1 of the Rules of the Supreme Court. On July 15, Defendant Clay filed a Notice of Bankruptcy and on July 16, Defendant Cajun King, Inc., filed its Answer and a Motion to enter the written order *nunc pro tunc*.

While it is true that Rule 1:1 by its express terms does not require the entry of a written order, it is equally clear that a Circuit Court in Virginia "speaks only through its written orders." See *Nash* v. *Jewell*, 227 Va. 230 (1984); *Hill* v. *Hill*, 227 Va. 569, 578 (1984). This is all the more important where jurisdictional matters are involved. *Cunningham* v. *Smith*, 205 Va. 205, 208

(1969). Therefore, the Court concludes that a written order setting aside the default is required by Rule 1:1 and such order must be entered within 21 days from the date of entry of the default.

The next question is whether such an order can be entered *nunc pro tunc* after the 21 days has expired. Under the express provisions of Section 8.01-428(b) of the Code of Virginia, the Court may at any time correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission." In *Council* v. *Commonwealth*, 198 Va. 288 (1956), the Virginia Supreme Court adopted the majority rule on *nunc pro tunc* orders; that a Court has inherent power to cause its acts and proceedings to be set forth correctly. The Court indicated that the inquiry was not limited to the "record" but should include any competent evidence. It even indicated that parol evidence would be sufficient if "decisive and unequivocal." *Council, supra,* 198 Va. at 293. See also *Netzer* v. *Reynolds,* 2 V.L.R. 2262, 231 Va. 444 (1986).

Moreover, the Statute (8.01-428(b)) has been held to include errors and inadvertent omissions by counsel. *Cutshaw* v. *Cutshaw,* 220 Va. 638 (1979). Plaintiffs do not contest the fact that a "ruling" was made by the Court within the twenty-one days, only that counsel failed to present an order embodying the ruling. In addition, I have a clear recollection of having so ruled in spite of the fact that no notes or other record of the ruling exists.

Therefore, in order to make the record show what actually happened, I will enter the *nunc pro tunc* order as to Defendant Cajun King, Inc. Because of the bankruptcy filing by Mr. Clay, and the automatic stay provisions of the Bankruptcy Act, no action will be taken as to Mr. Clay and relief by the parties should be sought in that forum.

December 9, 1986

The matter is before the Court on Plaintiff's Motion for Partial Summary Judgment and Plaintiff's Motion for a Decree of Reference Appointing a Commissioner to Ascertain the Assets of the Defendant Ozzie Clay.

With respect to Plaintiff's Motion for Partial Summary Judgment, this motion must be denied. While it is true that certain of the legal fees are not contested by the Defendant, there are material facts in dispute as to whether or not Defendant would be entitled to a setoff. The Court is not inclined to grant piecemeal summary judgment. This ruling is without prejudice to the right of the Plaintiff to renew the motion at some appropriate time.

With respect to Plaintiff's request for a decree of reference appointing a commissioner, this matter turns on the validity of the judgment against Mr. Clay. The Defendant claims that by virtue of the Court's previous *nunc pro tunc* ruling, the judgment against Mr. Clay was or should be set aside. It is significant to note that at the time of the first hearing on whether or not the default judgment against both Defendants should be set aside, the Court was not advised as to Mr. Clay's then pending bankruptcy. It was only upon Defendants' motion for entry of the *nunc pro tunc* order that the suggestion of bankruptcy of Mr. Clay was disclosed to the Court. In any event, the automatic stay provision of Title 11 U.S.C. Section 362, stay completely the "commencement or continuation. . . of a judicial. . . or other action or proceeding against the debtor that was or could have been commenced . . ." prior to the filing of the bankruptcy. There are provisions in the statutes for the debtor and the creditors to apply to the bankruptcy court for relief from the stay or other relief regarding pending judicial matters. No such action was taken by the Defendant Clay in this case. Nor was any action taken by the creditor to seek relief from the stay. This in spite of the fact that the Court in its opinion letter of August 29, 1986, specifically indicated that it would not rule on the setting aside of the judgment as to Mr. Clay because of his pending bankruptcy. According to counsel, Clay dismissed his bankruptcy proceedings on October 22, 1986. Between that time and the hearing before this Court on November 12, 1986, Defendant took no action in this Court with regard to the setting aside of the default judgment.

The Court is of the opinion that the automatic stay provisions referred to above prevented this Court from exercising its jurisdiction to set aside the judgment against Mr. Clay. The 21-day provision of Rule 1:1 of the Rules of Court would have been stayed from June 6

through October 22, 1986, by virtue of these provisions. If the time during which the bankruptcy of Mr. Clay was pending is excluded, then Clay would have had until November 11, 1986, for a motion to set aside the default and still be within the time provision of Rule 1:1.

Even at the hearing on November 12, 1986, Defendant made no motion to set aside the judgment. In fact, to this date no motion has been made by the Defendant Clay to set aside the judgment. Counsel for Defendant simply argued that Mr. Clay was covered in the Court's previous ruling.

In view of the Court's opinion with regard to the stay provisions of the Bankruptcy Act, it is clear that it lacked jurisdiction over Mr. Clay to set aside the default judgment. Therefore, since no motion was made on behalf of the Defendant Clay within the 21 days, even as stayed, provided for in Rule 1:1, the Court is now without jurisdiction to set aside that judgment.

For those reasons, the motion of the Plaintiff for Appointment of a Commissioner to Ascertain the Assets of Mr. Clay will be entered and the judgment of Mr. Clay stands as of this date.