## CIRCUIT COURT OF FAIRFAX COUNTY

McElhone

v.

Gale

January 13, 1989

Case No. (Law) 78056

By JUDGE JACK B. STEVENS

This matter is before the Court upon the Defendant's Plea in Bar based upon Rule 3:3 and failure to obtain service of process upon Defendant within one year after suit was filed.

The issue to be decided is whether Rule 3:3 bars judgment against a defendant in an action recommenced under § 8.01-229(E)(3), Code of Virginia (1950), as amended, when more than a year has elapsed after the filing of the original action without service of process upon the defendant, the original action having been nonsuited pursuant to § 8.01-380.

For the reasons set forth hereafter, the Court concludes that the issue must be decided in the negative and against the contention of the Defendant.

Plaintiffs originally filed suit against Defendant in this Court concerning this matter on February 28, 1985, as Law No. 68455. No service of process was obtained upon the Defendant until December 31, 1986, more than a year after the action was filed. Plaintiffs subsequently nonsuited the original action pursuant to § 8.01-380, Code of

Virginia (1950), as amended, by Order entered on January 30, 1987. The nonsuit Order was entered over the objection of the Defendant and without any hearing on Defendant's Plea in Bar based upon Rule 3:3.[1] This action was subsequently filed on March 4, 1987, and Defendant was served two days later. Defendant has refiled his Plea in bar based upon Rule 3:3. No contention is made that Plaintiffs exercised due diligence to have timely service on the Defendant.

Defendant argues that the provision in Section 8.01-229(E)(3), Code of Virginia (1950), as amended, that "the plaintiff may *recommence* his action . . ." (emphasis added) limits the Plaintiff to refiling the *same* action as the one nonsuited and thus makes that refiled action subject to the same objection founded upon Rule 3:3 as the original action since it is the "same" action. While Plaintiffs have filed this action in two counts rather than one count as in the original action, a cursory reading of the Motion for Judgment discloses that it is virtually identical to the original Motion for Judgment except that it adds a theory of negligence to the claim.

The case authority cited by Defendant and most on point in support of his Plea in Bar on the precise issue presented here are three Circuit Court Opinions, *Clark v. Murphy,* Law No. 88-725 dated September 16, 1988, from Arlington Circuit Court by Judge Monroe; *Shepelak v. Pascuzzi,* Law No. 3260-L dated August 16, 1988, from the Sixteenth Judicial Circuit by Judge Pickford; and *Williams v. Weakley,* Law No. 76991 dated July 14, 1988, from this Court by Judge Fortkort. All of these Opinions hold that a plaintiff may not avail himself of a nonsuit

---

[1] The Plaintiffs, of course, have an absolute right to one nonsuit, and neither the trial court or opposing counsel can prevent the exercise of that right within the limitations imposed by statute. Section 8.01-229(E)(3), Code of Virginia (1950), as amended; Nash v. Jewell, 227 Va. 230, 315 S.E.2d 825 (1984).

and avoid the consequences of a Rule 3:3 dismissal if the nonsuit comes after a failure to obtain service for a year after filing.

Plaintiffs argue (1) that the word "action" has a different meaning in Rule 3:3 than § 8.01-229(E)(3), i.e., an actual proceeding in Rule 3:3 and a cause or right of action in the statute and that the Rules of Court are procedural while the statute constitutes substantive law; (2) that the Courts should leave the creation of statutory limitations to the General Assembly; (3) that interpreting Rule 3:3 to bar judgment against the Defendant fails to recognize that statutory authority takes precedence over Rules of Court by virtue of § 8.01-3(D) and Article VI, § 5, Constitution of Virginia; and (4) that the General Assembly intended § 8.01-229 to modify the impact of the statute of limitations.

The Court is unable to follow Plaintiffs' argument concerning a different meaning for the word "action" insofar as the issue before the Court is concerned. The Court likewise does not see that the distinction between substantive and procedural law has any significance with regard to the issue to be decided. Further, the Court is not directed toward anything that would give support to Plaintiffs' assertion concerning the intent of the General Assembly with regard to § 8.01-229. The Court therefore rejects the contentions of the Plaintiffs based on those points.

While the Court agrees with Defendant's argument based upon § 8.01-229(E)(3), that the "action" filed subsequent to a nonsuit must be the *same* "action," it does not follow that the result urged by Defendant, a dismissal by reason of Rule 3:3, must also occur. The dictionary definition of "recommence" is "To begin again." *Oxford English Dictionary*, p. 257 (4th Reissue, 1978). *See also*, the definition of "commence," *The American Heritage Dictionary of the English Language*, New College Edition, Houghton Mifflin Company (1981). Giving "recommence" the meaning "to begin again," it would seem to follow that § 8.01-229(E)(3) extends a plaintiff another start as far as service of process is concerned, i.e.,

another year in which to obtain service upon the defendant.[5] To hold otherwise would seem to result in § 8.01-229(E)(3) producing drastically contrary effects than § 8.01-229(E)(1) and § 8.01-229(E)(2). Each of these other sections allows a plaintiff (subject to certain conditions) to proceed further even though his original action has terminated or been reversed by an appellate court.

Indeed, § 8.01-229(E)(1) would seem to apply if a plaintiff such as in the case at bar allowed his original action to be dismissed pursuant to Rule 3:3 rather than take a nonsuit under § 8.01-229(E)(3). There has been nothing brought to the Court's attention to indicate the General Assembly intended a litigant's exercise of Section 8.01-229(E)(3) to have such an effect so different from his failure to exercise that section.

Finally, it would seem to be clear beyond question that a Rule of Court must give way to a Code Section when they are in conflict. § 8.01-3(D), Code of Virginia (1950), as amended; Article VI, § 5, Constitution of Virginia; *Turner v. Commonwealth*, 221 Va. 513, 273 S.E.2d 36 (1980); *Dorn v. Dorn*, 222 Va. 288, 279 S.E.2d 393 (1981). To allow Rule 3:3 to prevail over the nonsuit right contained in Section 8.01-380 and the refiling right in § 8.01-229(E)(3) would effectively repeal those rights.

The opinions of my Circuit Court brethren, persuasive as they always are here in the wilderness, do not indicate that my learned colleagues were presented with or considered the arguments made by Plaintiffs here that § 8.01-229(E)(3) should take precedence over Rules of Court by reason of statute and the Constitution.

The Court having given "recommence" the aforesaid meaning and effect and being compelled to give precedence to statute and Constitution over Rules of Court, the Court concludes that Rule 3:3 must yield to the right of the

---

[5] Defendant argues that extending the time for service in this fashion allows the Plaintiffs to become the architect of their own period of limitations and thereby deny the defendant timely notice of the action against him. The same argument could be made where the original action terminates by the granting of a Rule 3:3 motion and the action is refiled pursuant to Section 8.01-229(E)(1). To the extent Defendant's argument is correct and reflects need for change, it should be directed to the General Assembly for relief rather than the Court.

Plaintiffs to nonsuit pursuant to § 8.01-380 and to "recommence" their action pursuant to § 8.01-229(E)(3).

For the reasons set forth above, the Defendant's Plea in Bar to the Motion for Judgment filed herein based upon Rule 3:3 is overruled.