## CIRCUIT COURT OF WISE COUNTY

Gregory W. Richardson

v.

Brian Kelly Hall

February 24, 1992

Case No. L90–365

BY JUDGE J. ROBERT STUMP

This case addresses an issue of first impression in Virginia: How and when should a jury verdict be properly received, accepted and entered of record?

*Facts*

This personal injury automobile accident case was tried by jury on September 26, 1991. At 3:10 p.m., the jury retired from the courtroom and began deliberations. At 5:05 p.m. in court chambers, plaintiff's counsel asked for a voluntary nonsuit. At 5:10 p.m., the jury knocked on their door and announced they had reached a verdict.

The court, counsel and parties reconvened in the courtroom. Plaintiff formally moved for a voluntary nonsuit on the record. the court said to defense counsel, "Of course, there's not much you can do about it, Mr. Ward." Defense counsel said, "Obviously, I object but my understanding is until the verdict is announced, they have a statutory right." The court then said, "I will grant the voluntary nonsuit . . . ."

The court continued, "That will be the end of the case, and I will notify the jury. We'll bring the jury back in, I guess, and tell them a nonsuit has been taken. Do you want the verdict to come in?"

Defense counsel replied, "The verdict is going to become a part of the record. I think that may help us resolve this one way or the other." Plaintiff's counsel indicated that the jury's verdict "probably would" help to resolve the case and further said, "I don't care if they come back in or not, but we need the exhibits and the verdict form."

The jury returned to the courtroom, and the court said, "Ladies and gentlemen of the jury, you have now reached a verdict, have you not?" The foreperson replied, "Yes, we have." Then the court said, "I also need to inform you, just for your own information, that the plaintiff has taken a voluntary nonsuit in the case. . . . We will receive your verdict and the exhibits and so forth. All that work that you did all day long is for no good right now."

The written jury verdict form signed by the "foreperson, Page F. Tompkins," said: "We the jury, on the issues joined, find in favor of the defendant, Brian Kelly Hall." In open court, the bailiff took custody of the verdict, exhibits and instructions from the jury foreperson and delivered them to the judge.

The court then dismissed the jury. As the jurors filed out of the courtroom, defense counsel said, "Judge, I've got to know." The court responded, the jury verdict "says for the defendant."

### Nonsuit

Both parties now admit that at trial all counsel and the court were mistaken concerning the statutory law affecting when a nonsuit shall be taken. Code § 8.01–380 provides in definitive pertinent part, "A party shall not be allowed to suffer a nonsuit as to any cause of action . . . unless he does so . . . before a jury retires from the bar . . . ." The court committed error when it granted plaintiff a voluntary nonsuit *after* the jury retired from the courtroom to begin their deliberations. *Harrison v. Clemens*, 112 Va. 371, 373, 71 S.E. 538 (1911). "If a nonsuit has been allowed in violation of those, or other, provisions of the nonsuit statute, appellate review must be available to correct such an error . . . . we hold that the order of nonsuit is a final appealable order . . . ." *Wells v. Lorcom House Condo. Council*, 237 Va. 247, 251, 377 S.E.2d 381, 383 (1989). Wherefore, the court overrules the prior decision to grant plaintiff a nonsuit.

### Case Not Terminated

Plaintiff alleges that when the nonsuit was granted, the case was ended. The court does not agree.

The court orally granted a nonsuit. A final written order was not presented nor entered. "[C]ourts act by orders and decrees . . . . There is no termination of litigation until the court enters an appropriate order. Therefore, before entry of such an order, the plaintiff may reconsider his decision to take a nonsuit. He has no right to withdraw the nonsuit, but he has a right to move the trial court to permit withdrawal. The granting or denial of the motion is a matter for the trial court to determine in the exercise of judicial discretion." *Nash v. Jewel*, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984). "Motions to set aside a nonsuit, or to reinstate a suit after dismissal, are addressed to the judicial discretion of the court." *Nash, supra, id.* at 236, 315 S.E.2d at 828.

The court is certain under the facts of this case that if the jury verdict had been favorable to the plaintiff, he would have moved to withdraw the nonsuit and request that the verdict be accepted and entered of record. And the court would have granted his motion. Logically, the defendant has the same legal right.

Defendant objected at trial then subsequently filed a motion to accept the jury verdict, contending that the granting of a nonsuit was error. The case remains within the breast of the court and not terminated. The court continues to have jurisdiction. The case is not ended.

### No Mistrial

Plaintiff maintains that the court must declare a mistrial based on an error of law. The court does not agree.

"The most frequent use of motions for mistrials is to avoid the effects of error in law and of misconduct on the part of anyone, party, attorney, juror, or judge, which suggests that justice has not been, is not being, or cannot be done." W. H. Bryson, *Handbook on Virginia Civil Procedure*, "Mistrials," p. 440 (2nd Ed. 1989).

Neither party has alleged misconduct on the part of anyone here.

The admitted error was a mutual mistake of statutory law unwittingly participated in by plaintiff and defense counsel and the court. However, this error of law was initiated by the plaintiff. After the jury found against plaintiff, he cannot now be rewarded for his mistake and gain a second bite of the apple.

The court has overruled the granting of a nonsuit. Therefore, the error of law committed here is corrected prior to entry of a final

order. Justice will be done if the original jury verdict can be properly accepted, affirmed, supported and entered of record. The above and subsequent conclusions of law and fact prompt the court to overrule plaintiff's motion for a mistrial.

### Jury Verdict: Rendered in Open Court

Plaintiff argues that the jury did not render its verdict in open court. The court does not agree.

Although a nonsuit had been orally and erroneously granted by the court, the court asked the jury if they had reached a verdict to which the jury foreperson replied, "Yes, we have." This colloquy occurred in open courtroom. Even though the jurors were in the process of leaving the courtroom, the court, in response to defense counsel's curious statement, announced that the jury verdict "says for the defendant."

### Jury Verdict: Received and Accepted

Plaintiff contends the jury verdict was not received and accepted by the court. The court does not agree.

After the nonsuit was erroneously granted, the court asked counsel, "Do you want the verdict to come in?" Defense counsel answered, "The verdict is going to become a part of the record." Plaintiff's counsel responded that the jury verdict "probably would" help to resolve the case, and "we need . . . the verdict form." Then the court said to the jury, "we will receive your verdict . . . ."

There are no magic legal words, no rules of court, no statutory language, nor Virginia case law to guide the formal, legal receipt of a jury verdict. "Receive" is defined in Websters 1987 Ninth New Collegiate Dictionary p. 982: "To come into possession of: acquire; to accept as authoritative, true or accurate: believe."

The court finds under the facts of this case that the court physically "acquired" possession of the jury verdict in open court; and "accepted and believed" it to be a true and accurate written decision of the jury.

### Jury Verdict: Not Entered of Record

Plaintiff also contends that the jury verdict was not entered as a matter of record by the court. The court agrees.

But for the mutual mistake of law by all counsel and the court as to the untimely entry of a nonsuit, the jury verdict for the defendant

would have been officially entered of record. However, the court and counsel unwittingly and erroneously believed that the case was concluded by nonsuit. Therefore, the court did not legally, nor formally, enter the jury verdict as a matter of record before the jury was released.

### Jury Verdict: Proper and Clear

The court further finds that the jury verdict and its form was proper and not defective; signed properly by the foreperson; and was certain and clear in meaning. Common sense dictates here that the jury verdict be subsequently accepted and affirmed on record due to an improper and untimely nonsuit which caused a premature release of the jury after proper lengthy jury deliberations and a clear decision.

### Resummon Jury

Plaintiff says, "once a jury is discharged and leaves the presence of the court, it cannot be reassembled to correct a substantive defect in its verdict." He relies on *LeMelle v. Commonwealth*, 225 Va. 322, 302 S.E.2d 38 (1983), which correctly states this principle of law. However, there are several exceptions, and *LeMelle* is not applicable to the facts of this case. Here we do not have a defective jury verdict. The court shall recall the jury to affirm and accept the jury verdict as a matter of record.

This court holds a jury verdict inviolate and intends always to protect its integrity and is aware of the Virginia case law which adheres strictly to the rule that recalling jurors or using their affidavits to impeach their verdict, especially on the ground of their own misconduct, is not generally admissible. But here there is no misconduct, and we do not intend to impeach the verdict, nor invalidate it. Our purpose is positive, not negative; it is to affirm, support, approve, accept and enter the true and accurate jury verdict on the record. This clarification will do justice and avoid two trials. The court employs its judicial discretion to recall the jury to do officially and say what they originally did and said after proper deliberations.

The Virginia Court of Appeals resolved this precedent in *Bull v. Commonwealth*, 55 Va. (14 Gratt.) 613, 631 (1857), saying, "*While affidavits of jurors will generally be received in support of the verdict*, they will not readily be received to invalidate it . . . ." (Em-

phasis mine.) See also the civil case of *Koiner v. Rankin*, 52 Va. (11 Gratt.) 420 (1854).

When the jury returns to court on recall, they shall be polled to determine if the jury verdict was unanimous since this was not done at the original trial and is allowed as a matter of right. "The jury may be polled, and ought to be, if there is the least doubt of the free concurrence of all the jury in the verdict. In that way, any difficulty or disagreement which may be among them can generally be discovered." *Bull, supra*, at 633.

Counsel and the parties shall reconvene in open court on March 17, 1992, at 4:00 p.m. at which time the court shall resummon the jury in this case to determine the above issues.