## CIRCUIT COURT OF THE CITY OF RICHMOND

Garland Lee Harris
and Louise Williams Harris

v.

Watson M. Marshall,
Executor of the Estate of
John T. Harris, Sr., deceased,
John Thomas Harris, Jr.,
and Anita Dale Harris

April 17, 1995

Case No. HD-1288-1

BY JUDGE MELVIN R. HUGHES, JR.

The question for the Court in this case is whether a nonsuit order should be entered for the day the motion was made or entered for the day the order is tendered for entry. The resolution of this issue may determine whether a second filing of the same case is timely.

The issue is framed by Defendants' Motion for Entry of Nonsuit Order. The following is a summary of the events taken from the motion and statements made at a hearing on the motion on April 6, 1995. On the day set for trial, July 7, 1994, plaintiffs advised through their attorney that they would take a nonsuit. The next day counsel for plaintiffs sent a transmittal letter and a sketch order for nonsuit to the defendants' attorney requesting that defense counsel send the order back to him after endorsing it. Defense counsel endorsed the order and returned it to the plaintiffs' counsel, requesting that he send the order on to the Court for entry. According to a copy of a letter dated July 11, 1994, in plaintiffs' counsel's file, counsel for plaintiffs sent the order to the clerk for entry. Neither the order nor the transmittal letter of July 11, 1994, ever reached the clerk. Thereafter, thinking the order of nonsuit for the first case was entered on or after July 11, 1994, plaintiffs filed a second identical lawsuit on January 11, 1995. (It

is not clear if the letter was sent by mail on July 11 or delivered that day. If mailed, the letter would not reach its destination until the next day, the 12th, or afterwards.)

Defendants ask the Court to enter a nonsuit order *nunc pro tunc* July 7, 1994, the day of the trial and the day the plaintiff took the nonsuit. Plaintiffs urge that the order be entered now because it is only now that an order of nonsuit is actually being tendered for entry. The Court's decision on the motion may bar the second filing. This action (the first filing) was brought on the last day it could be brought, therefore, if the Court enters the nonsuit order *nunc pro tunc* July 7, 1994, the second filing would be beyond the six months prescribed for recommencing an action after taking a nonsuit. See § 8.01-229(E)(3). For purposes here the parties agree that the time for refiling in the event of nonsuit is set by § 8.01-229(E), in this case six months.

The statute governing the time for recommencing an action that has been nonsuited is § 8.01-229(E)(3). It provides in its pertinent parts:

> 3. If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statue of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and *the plaintiff may recommence his action within six months from the date of the order entered by the Court* . . . . [Emphasis supplied.]

The time for refiling is marked from "the date of the order entered by the Court." The Court decides the order will not be entered on a *nunc pro tunc* basis, thus the order will be entered effective today.

In Virginia a plaintiff has an unconditional right to take a first nonsuit. See § 8.01-380. When this right is exerted the litigation comes to an end. It is the Court's thinking that a plaintiff merely announcing a first nonsuit is effective to end the litigation because, again, in Virginia a first nonsuit is *an absolute right that is with a plaintiff. Nash v. Jewell*, 227 Va. 230 (1984). An order is not needed to effectuate the right to a nonsuit because by the terms of § 8.01-380 the first one is a right. "Nevertheless, Courts act by orders and decrees . . . [and] [t]here is no termination of litigation until the Court enters an appropriate order." *Id.* at p. 237.

By the terms of § 8.01-229(E)(3), the order comes into play only to measure the time in which the action can be reinstituted. Here, counsel and the Court agree that plaintiffs' counsel did not address a motion to the Court directly. Rather, we all agree, that somehow on the morning of trial

the Court was advised the case would not be going forward because the plaintiffs wished to take a nonsuit. As is customary, the Court was probably advised or expected that in a reasonable time counsel would see to it that an order would be submitted to memorialize the nonsuit. The transmittals between counsel just days after the trial date bear this out.

As the motion was not put directly to the Court and as there is no showing of purposeful actions on the part of plaintiff to delay the beginning of the time prescribed for refiling, now that the matter is raised and the order just now tendered, the order will be entered effective today.

In many instances, the Court has to leave to counsel the task of monitoring the entry of orders to see that they are entered in a timely way. This is one of those instances.

A copy of the order entered today is enclosed. The Court has noted Defendants' objections to its entry without *nunc pro tunc*.