50

# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

State Farm Fire
and Casualty Co.

 v.

Jerry Ruff et al.

 Case No. CH03-773

Adam Reber
and Jase Reber

 v.

Jerry Ruff et al.

 Case No. CL03-464

 April 16, 2009

BY JUDGE MARJORIE A. T. ARRINGTON

 This matter is before the Court on Plaintiff State Farm's motion for summary judgment in Case No. CH03-773 and Defendant Jerry Ruff's motion to dismiss Case No. CL03-464. The Court will consider both motions and cases in turn.

These cases arise out of an accident that occurred on June 16, 2001. On that day, Jerry Ruff allowed Adam Reber to use his go-cart. While Adam Reber was using the go-cart, he was involved in an accident that caused injuries. Adam Reber, a minor, sued by his father, Jase Reber. That case is identified as CL03-464 and deals with the personal injury suit.

Soon thereafter, State Farm filed a declaratory judgment action against Mr. Ruff and Mr. Reber. The question in that case, CH03-773, was whether State Farm was responsible under the insurance policy held by Jerry Ruff.

*Motion for Summary Judgment in Case No. CH03-773*

A. *Standard of Review*

In *Hansen v. Stanley Martin Cos.*, the Court held that summary judgment is a "drastic remedy," and should only be granted where there are no disputes of material facts and that the Court should accept as true "those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." 266 Va. 345, 350, 585 S.E.2d 567, 571 (2003). "It should not be used to short-circuit litigation by deciding disputed facts without permitting the parties to reach a trial on the merits." *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609, 618, 611 S.E.2d 600, 604 (2005). Rule 3:20 provides in pertinent part that, in ruling on a motion for summary judgment, the Court may consider "the pleadings . . . [and] the admissions, if any, in the proceedings. . . ."

B. *Discussion*

This matter is before the Court on a declaratory judgment action. The declaratory judgment statute grants the Court the power to make binding adjudications of right. Virginia Code § 8.01-184. In doing so, the "purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights." Virginia Code § 8.01-191. However, the purpose of such a cause of action is not to:

> give parties greater rights than those which they previously possessed, but to permit the declaration of those rights before they mature. In other words, the intent of the act is to have courts render *declaratory judgments* which may guide parties in their

future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests.

*Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970). In essence, this means that the parties have an actual dispute over a right that requires the Court to determine the dispute.

## C. *Analysis*

In this case, State Farm is asking for declaratory judgment on the issue of whether they are responsible for liability. This issue depends on the construction of language within the insurance contract. A "contract interpretation is a matter of law . . ." and is therefore for the determination of the judge. *Nadolski v. Nadolski*, 2008 Va. App. LEXIS 363, 8 at *8 (2008). The Court must decide whether or not the contractual provisions apply to this incident or whether they are excluded. State Farm argues that they are not liable under the policy for two reasons: first, the motor vehicle exclusion, and second, the failure to provide timely notice of the incident.

The policy does not cover bodily injury "arising out of the ownership, maintenance, use, loading, or unloading of . . . a motor vehicle owned or operated by or rented or loaned to any insured. . . ." (Compl. Ex. 3, p. 20.) Nor does the policy cover bodily injury arising from the entrustment by any ensured to any person or supervision by any insured of any person with a motor vehicle not covered under the policy. What exactly constitutes a motor vehicle is defined earlier in the policy as "a motorized golf cart, snowmobile, motorized bicycle, motorized tricycle, all-terrain vehicle, or any other similar type equipment owned by an insured and designed or used for recreational or utility purposes off public roads. . . ." (Compl. Ex. 3, p. 6.)

The Court must determine whether the go-cart is a motor vehicle or not. The "insurance policy is a contract, and, as in the case of any other contract, the words used are given their ordinary and customary meaning when they are susceptible of such construction." *Hill v. State Farm Mutual Auto. Ins.*, 237 Va. 148, 152, 375 S.E.2d 727, 729 (1989). Under the policy, a golf cart and a motorized bicycle are considered motor vehicles, as well as any other similar type equipment. The Court must decide whether a go-cart would fall under the plain meaning of similar type equipment. Given that it has wheels, a frame, and an engine similar to those possessed in the named vehicles, it is reasonable to decide that a go-cart is a motor vehicle.

The Defendant urges that the Court use a two-prong test in determining whether the policy applies in this case. Counsel argues that the second step is to consider whether the go-cart was designed or used for recreation or utility purposes off public roads, while off an insured location. Given that this language is in the same provision as that defining a motor vehicle, it is a part of the consideration in determining whether the go-cart is a motor vehicle. However, it may not be necessary for the Court to have further evidence on whether the go-cart was designed or used for recreation or utility purposes off public roads, while off an insured location. The facts clearly show that the machine was being used for recreation and it was off the insured location. Therefore, the Court finds that, even under the Defendant's two-step approach, the machine involved falls under the motor vehicle exclusion as a matter of law.

The Court finds that the go-cart involved in this accident is excluded from coverage under the motor vehicle exclusion. The Court enters declaratory judgment in favor of State Farm. Due to the Court's determination on the matter of the construction of the motor vehicle exclusion, it is unnecessary for the Court to consider the matter of reasonable notice.

### Motion to Dismiss in Case No. CL03-464

Defendant Ruff requests that the Court dismiss the action due to the Plaintiff's inaction in the suit. In the motion, Defendant Ruff states that, on December 6, 2006, the Court entered an order allowing Plaintiff's counsel to withdraw, and, since that date, the Plaintiff has not retained new counsel or been responsive to communications. However, as Defendant Ruff also notes, on May 5, 2004, the Court entered an order to stay the case pending disposition of the declaratory judgment action.

Virginia Code § 8.01-335 grants the Court discretion to discontinue actions that have been inactive for two years or to discontinue or dismiss cases that have been abandoned for three years. *See Nash v. Jewell*, 227 Va. 230, 234, 315 S.E.2d 825, 827 (1984). In *Nash*, the Supreme Court of Virginia held that, when a plaintiff "demonstrates an intent to proceed with his case, the court should not discontinue his action." *Id.* at 236, 315 S.E.2d at 828.

An order to stay a case prevents the case from progressing until such a time as the Court finds it appropriate to continue. As such, a stay prevents a case from moving towards trial. In this case, the Court stayed the personal injury case until a final disposition was made in the declaratory judgment action.

54

In this case, the motion to dismiss is denied for two reasons. First, the case was not inactive for even two years to allow it to be discontinued. The last action in the case was an order allowing Plaintiff's counsel to withdraw. That order was entered on December 6, 2006. The motion at bar was heard on October 1, 2008, which is less than two years of inactivity.

The second reason is that the case was stayed by an order of the Court entered on May 5, 2004. This prevented the Plaintiff from pursuing the case until the declaratory judgment action was resolved. To now dismiss the case at the same time that the Court makes a final disposition of the declaratory judgment action would prevent the Plaintiff from having a meaningful opportunity to pursue his claim. Therefore, the motion to dismiss is denied.